# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THOMAS STONE,

    Petitioner,

vs.

JAMES G. COX, et al.,

    Respondents.

Case No. 3:14-cv-00476-RCJ-WGC

**ORDER**

    Petitioner has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1). The court has reviewed it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. The court will dismiss one ground for relief because it is without merit. The court will serve the petition upon respondents for a response to the remaining grounds.

    Pursuant to a plea of guilty, petitioner was convicted in state district court of one count of attempted sexual assault. Although petitioner did not file a timely direct appeal, the Nevada Supreme Court determined that petitioner was deprived of a direct appeal. In a delayed direct appeal pursuant to Rule 4(c) of the Nevada Rules of Appellate Procedure, the Nevada Supreme Court affirmed the judgment of conviction. Petitioner then filed a post-conviction petition in state district court, which denied the petition. Petitioner appealed, and the Nevada Supreme Court affirmed. The current federal petition followed.

    In ground 1, petitioner claims that his direct-appeal counsel provided ineffective assistance because she did not present the arguments as issues of federal law.  petitioner claiming ineffective assistance of counsel must demonstrate (1) that the defense attorney's representation "fell below an

objective standard of reasonableness," <u>Strickland v. Washington</u>, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient performance prejudiced the defendant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," <u>id.</u> at 694. "[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." <u>Id.</u> at 697.

This ground is without merit. The court takes judicial notice of the on-line docket of the Nevada Supreme Court in <u>Stone v. State</u>, No. 57005.[1] In its order of affirmance, filed on February 9, 2012, the Nevada Supreme Court cited its own decisions, but those decisions themselves applied principles of federal law regarding the validity of guilty pleas and equal protection. Even if appellate counsel did not cite these cases herself, petitioner suffered no prejudice because the Nevada Supreme Court recognized the issues of federal law. The court dismisses ground 1.

Ground 3 is a pages 7, 7a, and 7b of the petition. The parties should know that pages 7a and 7b are reversed in the copy of the petition in the court's on-line docket.

IT IS THEREFORE ORDERED that ground 1 of the petition (#1) is **DISMISSED**.

IT IS FURTHER ORDERED that the clerk shall add Catherine Cortez Masto, Attorney General for the State of Nevada, as counsel for respondents.

IT IS FURTHER ORDERED that the clerk shall electronically serve upon respondents a copy of the petition and this order. In addition, the clerk shall return to petitioner a copy of the petition.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date on which the petition was served to answer or otherwise respond to the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If respondents file and serve an answer, then they shall comply with Rule 5 of the Rules Governing

---

[1] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=25146 (last visited on November 18, 2014).

Section 2254 Cases in the United States District Courts, and then petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

IT IS FURTHER ORDERED that any exhibits filed by the parties shall be filed with a separate index of exhibits identifying the exhibits by number or letter.  The CM/ECF attachments that are filed further shall be identified by the number or numbers (or letter or letters) of the exhibits in the attachment.  The hard copy of any additional state court record exhibits shall be forwarded—for this case—to the staff attorneys in Las Vegas.

IT IS FURTHER ORDERED that henceforth, petitioner shall serve upon respondents or, if appearance has been entered by counsel, upon the attorney(s), a copy of every pleading, motion or other document submitted for consideration by the court.  Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the respondents or counsel for the respondents.  The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the clerk, and any paper received by a district judge, magistrate judge, or the clerk that fails to include a certificate of service.

Dated:  November 19, 2014.

_____
ROBERT C. JONES
United States District Judge