# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THOMAS STONE,

    Petitioner,

vs.

JAMES G. COX, et al.,

    Respondents.

Case No. 3:14-cv-00476-RCJ-WGC

**ORDER**

    Before the court are the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1) and respondents' motion to dismiss (#5). Petitioner simultaneously has filed a belated opposition to the motion to dismiss (#12) and a request for extension of time (#13). Good cause appearing, the court grants petitioner's request (#13). Respondents have filed a reply to the opposition (#14). After the filing of respondents' reply, petitioner has filed a motion for enlargement of time (#15). Petitioner does not state why he wants an extension of time, and under Local Rule LR 7-2 briefing on the motion to dismiss has concluded and no further briefs are allowed. The court denies petitioner's motion for enlargement of time (#15). For the reasons stated below, the court finds that this action is untimely, and the court grants the motion to dismiss (#5).

    Petitioner agreed to plead guilty to attempted sexual assault. Ex. 7 (#6). Petitioner then moved to withdraw from the plea agreement. Ex. 11, Ex. 13 (#6). After a hearing on the matter, the trial court denied the motion. Ex. 17 (#6). The trial court entered a judgment of conviction in accordance with the plea agreement. Ex. 20 (#6). Petitioner appealed the denial of the motion to withdraw the guilty plea. Ex. 21 (#6). The Nevada Supreme Court noted that it appeared to lack

jurisdiction because no statute allows an appeal the denial of a pre-judgment motion to withdraw a guilty plea. Ex. 22 (#6). Petitioner then withdrew his appeal, and the Nevada Supreme Court dismissed the appeal. Ex. 23, Ex. 24 (#6). After the end of the appeal, the state district court entered an amended judgment of conviction to reflect the statutorily required special sentence of lifetime supervision for a sexual offense. Ex. 26 (#6).

Petitioner then filed his first state post-conviction habeas corpus petition. Ex. 27 (#6). Among other grounds, he argued that counsel deprived him of a direct appeal from the judgment of conviction. The state district court denied the petition. Ex. 37 (#6). Petitioner appealed. The Nevada Supreme Court agreed with petitioner that he had been deprived of a direct appeal, and it reversed and remanded. Ex. 44 (#6). A delayed direct appeal then proceeded in accordance with Rule 4(c) of the Nevada Rules of Appellate Procedure. On February 9, 2012, the Nevada Supreme Court affirmed the judgment of conviction. Ex. 49 (#6). The Nevada Supreme Court denied rehearing on March 29, 2012. Ex. 51 (#6). The Nevada Supreme Court denied en banc reconsideration on May 23, 2012. Ex. 53 (#6). Remittitur issued on August 9, 2012. Ex. 54 (#6)

On March 27, 2012, petitioner filed another state post-conviction habeas corpus petition. Ex. 55 (#6). The state district court denied the petition because it was untimely under Nev. Rev. Stat. § 34.726(1) and a second or successive petition under Nev. Rev. Stat. § 34.810. Ex. 59 (#6). Petitioner appealed. On August 2, 2012, the Nevada Supreme Court affirmed, not because it agreed with the district court, but because it determined that the state courts lacked jurisdiction. Nev. Rev. Stat. § 34.724 requires that a person be under a sentence of death or imprisonment. Petitioner's prison sentence had expired before he filed the petition on March 27, 2012. The Nevada Supreme Court had already determined that lifetime supervision is neither a sentence of death nor a sentence of imprisonment, and thus petitioner was ineligible to file a post-conviction habeas corpus petition in state court. Ex. 61, at 1-2 (#6) (citing Coleman v. State, 321 P.3d 863 (Nev. 2014)). See also Jackson v. State, 973 P.2d 241, 242 (Nev. 1999) ("jurisdictional requirement of the Nevada Constitution that a petitioner must not have completed service of the sentence for the conviction he seeks to challenge at the time he files his petition challenging that conviction"). The Nevada

Supreme Court denied rehearing on July 29, 2014. Ex. 63 (#6). Remittitur issued on August 26, 2014. Ex. 64 (#6).

The court received the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (#1) on September 15, 2014. Petitioner states that he mailed the petition on August 14, 2014, but petitioner was not a prisoner at the time and thus could not take advantage of the prison mailbox rule.

Respondents argue that this action is untimely. The court agrees, but not for the reasons that respondents propose.

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). If the judgment is appealed, then it becomes final when the Supreme Court of the United States denies a petition for a writ of certiorari or when the time to petition for a writ of certiorari expires. Jimenez v. Quarterman, 555 U.S. 113, 119-20 (2009). See also Sup. Ct. R. 13(1). Any time spent pursuing a properly filed application for state post-conviction review or other collateral review does not count toward this one-year limitation period. 28 U.S.C. § 2244(d)(2). The period of limitation resumes when the post-conviction judgment becomes final upon issuance of the remittitur. Jefferson v. Budge, 419 F.3d 1013, 1015 n.2 (9th Cir. 2005). An untimely state post-conviction petition is not "properly filed" and does not toll the period of limitation. Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). Likewise, if the state courts lack jurisdiction, then the state petition is not properly filed and thus ineligible for tolling under § 2244(d)(2). Id. at 414-15 & n.4 (citing Artuz v. Bennett, 531 U.S. 4, 9 (2000)).

Respondents base their argument upon the determination of the state district court that the state petition filed on March 27, 2012, was untimely, and thus not properly filed for the purposes of

tolling the one-year federal period under 28 U.S.C. § 2244(d)(2).  See Pace 544 U.S. at 417.  The court disagrees.  On appeal, the Nevada Supreme Court affirmed but noted that the correct reason for dismissal of the state habeas corpus petition was that petitioner's prison sentence had expired by the time he filed the petition.  Ex. 61, at 1-2 (#6).  That more recent, explained decision prevents this court from looking through to the decision of the state district court.  Cf. Ylst v. Nunnemaker, 501 U.S. 797, 803-06 (1991).

However, the state habeas corpus proceedings still were ineligible for tolling the one-year federal period.  The Nevada Supreme Court determined that the state courts lacked jurisdiction over the state habeas corpus petition because petitioner's prison sentence had expired and because the special sentence of lifetime supervision was not a sentence of imprisonment under Nev. Rev. Stat. § 34.724.  Because the state habeas corpus petition was dismissed for lack of jurisdiction, it was not properly filed within the meaning of 28 U.S.C. § 2244(d)(2) and thus ineligible for tolling.  Pace, 544 U.S. at 414-15 & n.4 (citing Bennett, 531 U.S. at 9).

Petitioner's second amended judgment of conviction became final on August 21, 2012, ninety days after the Nevada Supreme Court denied en banc reconsideration, Ex. 53 (#6), when the time to petition the Supreme Court of the United States for a writ of certiorari expired.  Petitioner's state habeas corpus petition was pending at the time, but it was ineligible for tolling under 28 U.S.C. § 2244(d)(2) because the state courts lacked jurisdiction over the petition.  The federal one-year period of limitation expired at the end of August 21, 2013.  The current federal habeas corpus petition, filed on September 15, 2014, is more than a year late.

The court will not address respondents' arguments that petitioner cannot meet the custody requirement and that ground 3 of the petition either is unexhausted or procedurally defaulted, because the court has found that the action is untimely.

To appeal the denial of a petition for a writ of habeas corpus, Petitioner must obtain a certificate of appealability, after making a "substantial showing of the denial of a constitutional right."  28 U.S.C. §2253(c).

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy §2253(c) is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims

debatable or wrong.  The issue becomes somewhat more complicated where, as here, the district court dismisses the petition based on procedural grounds.  We hold as follows: When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000); see also James v. Giles, 221 F.3d 1074, 1077-79 (9th Cir. 2000).  Reasonable jurists would not find the court's determination that this action is untimely to be debatable or wrong, and the court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that petitioner's request for extension of time (#13) is **GRANTED**.

IT IS FURTHER ORDERED that petitioner's motion for enlargement of time (#15) is **DENIED**.

IT IS FURTHER ORDERED that respondents' motion to dismiss (#5) is **GRANTED**.  This action is **DISMISSED** with prejudice as untimely.  The clerk of the court shall enter judgment accordingly.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

Dated:   September 24, 2015.

_____
ROBERT C. JONES
United States District Judge